# Federal Defenders
## OF NEW YORK, INC.

52 Duane St

David E. Patton
*Executive Director*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/4/2022

Attorney-in-Charge

August 2, 2022

*By ECF*

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. David Spralling*, 20 Cr. 490 (AT)

Dear Judge Torres:

  I write on consent (Assistant U.S. Attorney Micah Ferguson) to respectfully request that the Court bifurcate the pretrial motion schedule to allow the parties to litigate a key issue which remains open in the Second Circuit: whether a necessity defense is available in a prosecution for a violation of 18 U.S.C. § 922(g). The resolution of this issue will likely affect every aspect of the trial, including other potential pre-trial motions, and thus it is in the interest of judicial efficiency to first resolve this issue.

  David Spralling was arrested on March 8, 2020 after he was stopped by NYPD officers and found to have a gun. From the moment of his arrest, Mr. Spralling repeatedly told the officers the circumstances of that possession: that he was with an ex-girlfriend in her apartment; that she had pointed the gun at him; that he took the gun to protect himself, his ex-girlfriend, and her young child; and that he had just come from her apartment when he was stopped by the police.

  Here, there is no dispute over whether Mr. Spralling possessed a firearm or knew that he had a prior felony conviction. The issue in this case concerns the nature of that possession. In our view, Mr. Spralling had no reasonable alternative but to take the gun and leave the apartment, and we believe he should be able to argue the affirmative defense of necessity at trial. As I understand it, the Government's position is that Mr. Spralling should be precluded from asserting such a defense.

  The Second Circuit has not definitively ruled on whether a defense of necessity is available in a prosecution for a violation of 18 U.S.C. § 922(g). In *United States v. Bogle*, for example, the Second Circuit upheld a district court's refusal to allow the defendant to present such a defense. *United States v. Bogle*, 522 Fed. Appx. 15, 22 (2d Cir. 2013) (summary order). In reaching its decision, the panel "assume[d] without deciding that a defendant can assert a necessity defense to a section 922(g) charge," but held that the facts in Bogle did not support allowing the defendant to do so. *Id.; see also United States v. White*, 552 F.3d, 240, 246 (2d Cir. 2009) ("we conclude that even assuming such a defense is generally available in the felon-in-

Honorable Analisa Torres                                                                                                Page 2
August 1, 2022

Re:   *United States v. David Spralling*, 20 Cr. 490 (AT)

possession context – a question we need not decide today – White was not entitled to an instruction in the circumstances of this case.").

In its scheduling order dated July 8, 2022, the Court set a trial date of February 27, 2023, but kept in place a deadline of August 15, 2022 for motions *in limine* and other pretrial filings. *See* Dkt. No. 30. For the reasons described above, I respectfully request that the Court bifurcate the motion schedule, so that defendant's motion concerning the affirmative defense of necessity be due on August 15, 2022, the government's response due September 6, 2022, and defendant's reply, if any, due September 13, 2022. As the resolution of this issue will inform all other pretrial filings, I respectfully request that the Court set a motion schedule for those filings after its ruling on the necessity-defense issue.

Thank you for your consideration of this request.

Respectfully submitted,

/s/
Martin S. Cohen
Ass't Federal Defender
(212) 417-8737

cc:   Micah Ferguson, Esq., by ECF

GRANTED. The Court shall bifurcate the motion schedule. Accordingly:

1. By **August 15, 2022**, Defendant shall file his motion concerning the affirmative defense of necessity. By **September 6, 2022**, the Government shall file its response. By **September 13, 2022**, Defendant shall file his reply, if any.
2. By **November 25, 2022**, the parties shall file any motions *in limine*. By **December 2, 2022**, the parties shall file any opposition to any motions *in limine*.
3. By **November 25, 2022**, the parties shall file their proposed *voir dire* questions, requests to charge, and verdict forms. The filings must comply with the specifications set out in the Court's April 12, 2021 order, ECF No. 24.

SO ORDERED.

Dated: August 4, 2022
       New York, New York

ANALISA TORRES
United States District Judge